UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EME, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-6322** |
| **CHUBB EUROPEAN GROUP SE ET AL.** | **SECTION: "H"** |

## ORDER & REASONS

Before the Court is Plaintiff EME, Inc.'s Motion to Remand (Doc 16). On October 2, 2025, the Court entered an Order denying this Motion, with reasons to follow (Doc. 27). The Court now enters the following reasons.

## BACKGROUND

Plaintiff EME, Inc. brought this action in the 17th Judicial District Court for the Parish of Lafourche against Defendants Underwriters at Lloyd's, London ("Lloyd's") and Chubb European Group SE, ("Chubb") for damages sustained by Plaintiff's insured property during Hurricane Ida. Plaintiff asserts two causes of action: breach of contract and bad faith handling of an insurance dispute under Louisiana law. Defendant Chubb removed the action to this Court on the basis of diversity jurisdiction alleging that "Plaintiff and

Chubb are the only proper parties to this lawsuit."[1] Chubb then filed a Motion to Dismiss under Rule 12(b)(6), in which it asked this Court to dismiss the claims against Lloyd's as improperly joined.[2] Pursuant to the Hurricane Ida Case Management Order, all pre-trial matters were stayed and Chubb's Motion to Dismiss was denied without prejudice.[3] Plaintiff now moves to remand the matter to state court, arguing that Chubb has not established diversity of citizenship because it failed to adequately allege Lloyd's citizenship as a properly joined Defendant.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[4] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[5] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[6]

---

[1] Doc. 1 at 2. Lloyd's did not join in the removal and has not made an appearance before this Court.
[2] Doc. 6. Chubb also sought dismissal of Plaintiff's claims against it for failing to state a plausible claim. *Id.*
[3] *See* Doc. 10. All pretrial matters, discovery, and related activity were stayed during the Streamlined Settlement Program for Hurricane Ida claims. Doc. 4 at 10. The stay in this matter was lifted on June 17, 2025. Doc. 18.
[4] 28 U.S.C. § 1441.
[5] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[6] *Manguno*, 276 F.3d at 723.

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[7] Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy exceeding $75,000.[8] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[9] Chubb, as the removing party, bears the burden of demonstrating that the Court has subject matter jurisdiction over the dispute and removal is proper.[10] Plaintiff alleges that Chubb has failed to properly allege the citizenship of Lloyd's. Chubb alleges that Lloyd's was improperly joined. Thus, the critical inquiry before the Court is whether Lloyd's was improperly joined in this action.

"Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[11] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[12]

In certain circumstances, however, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. "[A] summary inquiry is

---

[7] *See* 28 U.S.C. § 1332.
[8] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[9] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[10] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[11] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).
[12] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[13] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[14] A "lack of substantive evidence as to the non [ ]diverse defendant does not support a conclusion that he was [improperly] joined even though that may support summary judgment."[15] "Instead, the defendant must put forward evidence that would negate a possibility of liability on the part of [the nondiverse defendant]."[16] "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant."[17] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[18] The burden of showing fraudulent joinder is a "heavy one."[19]

Claims for breach of an insurance contract and bad faith insurance handling can be maintained only against parties to the insurance contract.[20]

---

[13] *Id.*

[14] *Id.* at 574, n.12.

[15] *Davidson*, 819 F.3d at 767 (internal citations omitted).

[16] *Id.*

[17] *Smallwood*, 385 F.3d at 573–74.

[18] Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003).

[19] *Id.* at 649.

[20] Pearl River Basin Land & Dev. Co., L.L.C. v. State ex rel. Governor's Office of Homeland Sec. & Emergency Preparedness, 29 So. 3d 589 (La. App. 1 Cir. 2009) ("[N]o action for breach of contract may lie in the absence of privity of contract between the parties."); LA. REV. STAT. § 22:1892 ("All insurers issuing any type of contract, . . . shall pay the amount of any claim due any insured . . . ."); LA. REV. STAT. § 22:1973 (repealed 2024) ("An insurer, . . . owes to his insured a duty of good faith and fair dealing.").

Chubb argues that it is the lone insurer under the policy. Plaintiff's state court Petition does not differentiate between Defendants Chubb and Lloyd's, referring to them both as "Defendants" and bringing the same claims against both.[21] Therefore, the Court must look beyond the pleadings and perform a summary inquiry.[22] Like its state court Petition, Plaintiff's Motion for Remand draws no connection between Lloyd's and the insurance contract. Plaintiff's sole argument for remand is Chubb's failure to properly allege the citizenship of Lloyd's.[23] In response to Chubb's argument that it is the lone insurer under the insurance contract, policy No. 718938, Plaintiff asserts that "[t]he policy documents are *replete* with mention of Lloyd's, including the Certificate of Insurance," proving that Lloyd's was properly joined.[24] Plaintiff takes these mentions out of context.[25]

In its entirety, the Certificate of Insurance states that the "Certificate is issued in accordance with the limited authorization granted to the Correspondent by with [sic] Chubb European Group SE and certain Underwriters at Lloyd's, London whose syndicate numbers and the proportions underwritten by them can be ascertained from the office of the said Correspondent."[26] The policy documents then name Chubb—and no other

---

[21] Doc. 1-1.
[22] *Smallwood*, 385 F.3d at 573.
[23] Doc. 16-1 at 2–3.
[24] Doc. 21 at 2 (emphasis added).
[25] In fact, Lloyd's is mentioned twelve times throughout the seventy-two pages of policy documents. Seven of the twelve references to Lloyd's indicate that the corresponding page is a form "approved by Lloyd's." Doc. 19-2 at 14–16, 22, 26, 31, 68. Likewise, the page entitled "Lloyd's Privacy Policy Statement," wherein Lloyd's is mentioned three times, is indexed as "CHUBB PRIVACY POLICY STATEMENT" on the Schedule of Forms and Endorsements. *Id.* at 1, 20.
[26] *Id.* at 2.

member of Lloyd's—as the insurer for the policy.[27] In addition to the contractual language indicating that Chubb is the lone insurer for policy No. 718938, Defendants offer the Declaration of Angela McNally, an employee of Burns & Wilcox's parent company. In her Declaration, McNally indicates that Burns & Wilcox was the broker for the policy at issue and that "Chubb European Group SE is the only subscribing insurer to [policy No. 718938]. . . . No other entity or insurer(s) subscribe to [policy No. 718938]."[28] Accordingly, Defendant has carried its burden to show that Chubb is the only insurer under this contract. Since there are not any viable claims that exist against Lloyd's or any other individual member of Lloyd's, it is improperly joined, and the Court must dismiss the claims against it.[29] Complete diversity exists between Plaintiff and Chubb and Plaintiff's claims exceed the requisite amount in controversy.[30] Accordingly, the Court has diversity jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 16) is **DENIED**.

**IT IS ORDERED** that all claims against Defendant Underwriters at Lloyd's, London be **DISMISSED WITH PREJUDICE.**

---

[27] *Id.* at 3 ("Insurance is effective with certain CHUBB EUROPEAN GROUP SE"); *Id.* ("Your insurance policy has been placed with Chubb European SE.").
[28] Doc. 19-1.
[29] Int'l Energy Ventures Mgmt., LLC., 818 F.3d 193, 209 (5th Cir. 2016).
[30] Plaintiff does not argue the amount in controversy is less than $75,000. The Court, on *sua sponte* review, finds that Defendant has met its burden, showing that the amount in controversy exceeds $75,000. *See* Doc. 1 at 3–4.

New Orleans, Louisiana this 22nd day of October, 2025.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**